# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Schafer, : 
               Petitioner : 
               : 
         v. : No. 452 C.D. 2019
               : SUBMITTED: October 4, 2019
Workers' Compensation Appeal Board : 
(Reese Masonry), : 
               Respondent : 

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: January 13, 2020**

Donald Schafer (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the post-remand decision of Workers' Compensation Judge (WCJ) Gerald Yanity to deny Claimant's petition for reinstatement of total disability benefits and petition for penalties. We affirm.[1]

While working as a construction worker for Reese Masonry (Employer), Claimant sustained a November 2011 "traction injury that worsened an already compromised nerve root at the L5-S1 Level." (WCJ Yannity's Jan. 12, 2018, Dec., Finding of Fact "F.F." No. 1.) Before disposition of the claim petition for the November 2011 work injury, Claimant filed a second claim petition alleging a

---

[1] In October 2019, this Court denied Claimant's application for oral argument.

December 2012 work injury. In July 2013, WCJ Charles Getty adjudicated both claim petitions.

With respect to the November 2011 work injury and first claim petition, WCJ Getty awarded temporary total disability benefits for the closed period of December 6, 2011, to September 12, 2012, with a suspension thereafter. In so doing, WCJ Getty found that Claimant's loss of earnings ceased September 12, 2012, when he returned to work "in a light-duty capacity, with lifting of less than 20 pounds and no repetitive lifting." (WCJ Getty's July 15, 2013, Dec., F.F. No. 10; Reproduced Record "R.R." at 7a.) Claimant's supervisor confirmed that he kept Claimant at light duty and that Claimant "worked until a general, seasonal layoff shortly before Christmas." (*Id.*, F.F. No. 11; R.R. at 8a.) As for the alleged December 2012 injury, WCJ Getty denied the second claim petition. In so doing, WCJ Getty noted that Claimant failed to present evidence from himself or any treating physician as to the alleged December 2012 incident. (*Id.*, F.F. No. 5 and Conclusion of Law "C.L." No. 5; R.R. at 7a and 10a.) Claimant did not appeal from WCJ Getty's decision.

In October 2013, Claimant filed the reinstatement petition at issue claiming that he suffered a recurring wage loss due to the November 2011 injury as of September 13, 2012. WCJ Yanity denied the petition, citing Claimant's failure to prove that his condition worsened or that he could no longer perform his regular job as a roofer due to disability attributable to the November 2011 work injury. (WCJ Yanity's July 15, 2015, Dec., C.L. No. 2; R.R. at 355a.) In support, WCJ Yanity reasoned: "Although [board-certified orthopedic surgeon Thomas Kramer, M.D.] testified that Claimant is permanently restricted to light[-]duty work, he attributed those restrictions to an incident which occurred on December 13, 2012." (*Id.*) In addition, observing that WCJ Getty previously denied Claimant's claim

2

petition with respect to the December 2012 incident, WCJ Yanity concluded that *res judicata* prohibited an award of benefits for disability resulting from that incident. WCJ Yanity also denied Claimant's penalty petition. The Board affirmed.

On appeal, we vacated the Board's order and remanded the matter for consideration pursuant to *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548 (Pa. 2010).[2] In so doing, we reasoned:

> Under the standard set forth in *Bufford*, Claimant only needed to prove his earning power was once again adversely affected by his disability, and that such disability was a continuation of that which arose from his original claim. [He] did not need to prove his condition had worsened or that he could no longer perform work as a roofer.

*Schafer v. Workers' Comp. Appeal Bd. (Reese Masonry)* (Pa. Cmwlth., No. 1162 C.D. 2016, filed August 24, 2017) (*Schafer I*), slip op. at 4.

On remand, WCJ Yanity observed that the only additional evidence offered was Claimant's brief testimony at a December 2017 hearing for purposes of clarifying the existing record. Claimant reiterated that "he felt that he never returned to full duty work following his November 14, 2011 work injury[,]" that he never returned to work after Employer's December 2012 lay off, and that he had a separate work injury in December 2012. (WCJ Yanity's Jan. 12, 2018, Dec., F.F. No. 5.) However, WCJ Yanity concluded that "[t]he credible and substantial medical evidence of record in this matter conclusively demonstrates that Claimant's

---

[2] A claimant seeking reinstatement of benefits following a suspension of benefits must prove that (1) through no fault of his own, his disability, i.e., earning power, is again adversely affected by the work injury; and (2) the disability that gave rise to the original claim continues. *Bufford*, 2 A.3d at 558. The causal connection between the original work injury and the disability that gave rise to compensation is presumed. *Id.*

3

disability was not a continuation of that which arose from his November 14, 2011 work injury, but rather, is attributable to an incident which occurred on Dec. 13, 2012." (*Id.*, C.L. No. 3.)

In support of the January 2018 decision at issue, WCJ Yanity referenced his July 2015 findings pertaining to Dr. Kramer and Claimant.[3] In August 2013, Dr. Kramer conducted a full clinical examination of Claimant and accepted his thorough history. WCJ Yanity credited Dr. Kramer's testimony and found as follows:

> 7(e). . . . Dr. Kramer explained that the typical course following a one-level fusion would be an initial return to light[-]duty work, then a transition to full[-]duty work. *Dr. Kramer agreed that Claimant's history shows that he did, in fact, transition from light[-]duty work to his regular duty job.* Dr. Kramer agreed that Claimant continued performing the regular duty job until a subsequent incident in December 2012, after which time Claimant had an onset of low back and leg pain and did not return to regular duty. Dr. Kramer agreed that the December 2012 incident represented an aggravation of Claimant's underlying condition.

> 7(f). Dr. Kramer explained that his light[-]duty restrictions for Claimant were placed upon him primarily because of the December 2012 incident on the roof.

> . . . .

> 9. I find the testimony offered by Dr. Kramer to be credible. [He] took a thorough history from Claimant and conducted a full clinical examination, which was basically normal with the exception of some mild tenderness in the lumbar region and reduced extension on range of motion.

---

[3] On remand, WCJ Yanity incorporated all but Conclusion of Law No. 2 from his July 2015 decision. In Conclusion of Law No. 2, the WCJ determined that Claimant failed to prove that his condition worsened or that he could no longer perform his regular duty job as a roofer due to the disability attributable to the recognized November 2011 work injury.

*Based upon the history presented to him, Dr. Kramer concluded that following Claimant's L5-S1 fusion surgery resulting from the November 14, 2011 work injury, Claimant returned to light[-]duty work in September 2012, then transitioned to full[-]duty work.* Claimant's light[-]duty restrictions after December 13, 2012 are attributable to the incident which occurred on that day according to Dr. Kramer. . . . Thus, I find that any loss of earning power sustained by Claimant on and after December 13, 2012 is attributable to the incident which occurred on that day . . . .

(WCJ Yanity's July 15, 2015, Dec., F.F. Nos. 7(e) and (f) and 9; R.R. at 354a) (emphasis added).

Turning to Claimant, WCJ Yanity found his testimony to be credible only in part. Specifically, WCJ Yanity found:

10. I . . . accept Claimant's testimony that he returned to light[-]duty work following his lumbar fusion surgery, and eventually transitioned to full duty as a roofer, though he did refrain from carrying heavy items. I also accept [his] testimony that after a separate incident on December 13, 2012, he experienced pain in his left hip and sought treatment . . . . I further accept [his] testimony that he was laid off about 10 days after the incident along with other crew members. I reject [his] testimony, however, to the extent that he feels that he remains disabled as a result of the work injury of November 14, 2011. [His] credibility . . . is undermined by the fact that he is under no active treatment, takes no medication, and has not seen a physician for his back complaints since August 2013. He has applied for employment in order to be eligible for Unemployment Compensation benefits. [He] acknowledged that he was released to perform regular duty work without restrictions in May 2013, and thus, his

5

testimony regarding ongoing disability is hereby rejected.[4]

(*Id*., F.F. No. 10; R.R. at 354a-55a) (footnote added).

Accordingly, WCJ Yanity determined that Claimant failed to establish any recurrence of a loss of earning power attributable to the November 2011 work injury. In so determining, WCJ Yanity found:

> Dr. Kramer's credible testimony established that following the work injury, Claimant had successful fusion surgery, then returned to light[-]duty work before transitioning to his regular unrestricted work. Although Dr. Kramer placed permanent light[-]duty restrictions upon the Claimant, Dr. Kramer acknowledged that these restrictions were placed as a result of a separate incident on December 13, 2012.

(*Id*., F.F. No. 11; R.R. at 355a.) In addition, WCJ Yanity reiterated that WCJ Getty's previous adjudication of the claim petition alleging a December 2012 work injury prohibited relitigation of that claim or an award of benefits for disability resulting from that incident. The Board affirmed and Claimant's petition for review followed.

Claimant proffers eight issues for review. However, they exceed what he preserved on appeal and any potential follow-up issues due to remand. As we stated in *Schafer I*, Claimant's two arguments on appeal were that the Board erred in affirming the WCJ's decision where the WCJ applied the wrong burden of proof *and* based his decision on an erroneous finding that Claimant had returned to work at full duty. *Schafer I*, slip op. at 2. In *Schafer I*, we declined to address Claimant's

---

[4] Claimant testified that Dr. Oliver-Smith released him to full-duty status, with no restrictions, in late April 2013. (March 14, 2014 Hearing, Notes of Testimony "N.T." at 32-33; R.R. at 254a-55a.) In addition, Claimant received unemployment compensation benefits from May 1, 2013 to December 28, 2013. (Board's March 25, 2019, Dec. at 3.) This is consistent with Claimant's testimony to that effect. (March 14, 2014 Hearing, N.T. at 17-18; R.R. at 239a-40a.)

second argument, focusing on the correct burden of proof. We now consider (1) whether the WCJ erred in determining that Claimant failed to meet his burden of establishing that his earning power was once again adversely affected by his disability and that such disability was a continuance of that which arose from the November 2011 work injury; and (2) whether the WCJ based his decision on an erroneous finding that Claimant had returned to work at full duty and, if so, the effect of doing so.

By way of analysis, WCJ Yanity concluded that Claimant failed to meet his burden because the evidence supported a determination that his disability emanated from the December 2012 incident and not from the November 2011 work injury. Notwithstanding the applicability of *res judicata* to the previously adjudicated incident, the salient point here is that Dr. Kramer failed to opine that Claimant's disability emanated from the work injury. Pursuant to *Bufford*, Claimant had to establish that his earning power was once again adversely affected by his November 2011 work injury and that the disability that gave rise to that original claim continued. In that respect, Dr. Kramer connected any disability to an incident that was previously adjudicated against Claimant.

As for whether WCJ Yanity based his decision on an erroneous finding that Claimant returned to full duty following the November 2011 work injury, we note WCJ Yanity's acceptance of "Claimant's testimony that he returned to light[-] duty work following his lumbar fusion surgery, and eventually transitioned to full duty as a roofer, though he did refrain from carrying heavy items." (WCJ Yanity's July 15, 2015, Dec., F.F. No. 10; R.R. at 354a.) Consistent with this finding, Claimant testified that he returned to work full time but refrained from lifting

7

shingles and placing ladders and scaffolding. (April 23, 2015, Hearing, N.T. at 11; R.R. at 275a.)

Moreover, Claimant acknowledged that the patient history that he provided to Dr. Kramer indicated a return to light-duty work and an eventual transition to his regular job. (*Id*., N.T. at 13; R.R. at 277a.) In addition, Claimant conceded that he never explained to Dr. Kramer that he was not lifting heavy things such as shingles. (*Id*.) To the extent that Dr. Kramer relied on Claimant's history in focusing on the December 2012 incident as opposed to the November 2011 work injury, the onus was on Claimant to provide an accurate narrative. Finally, Claimant conceded that he was released to full duty as of May 2013.[5] (WCJ Yanity's July 15, 2015, Dec., F.F. No. 10; R.R. at 354a-55a.)

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[5] *See supra* note 4 and accompanying text.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Schafer,                          :
                        Petitioner       :
                                         :
          v.                             :     No. 452 C.D. 2019
                                         :
Workers' Compensation Appeal Board       :
(Reese Masonry),                         :
                        Respondent       :

# **O R D E R**

AND NOW, this 13th day of January, 2020, the order of the Workers'
Compensation Appeal Board is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge